UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MICHAEL L. DENNISON and <br> CATHY L. DENNISON, <br><br> Plaintiffs, <br><br> vs. <br><br> LIBERTY MUTUAL GROUP, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:10-CV-107 <br> ) <br> ) Phillips/Shirley <br> ) <br> ) |

## NOTICE OF REMOVAL

Defendant Liberty Mutual Group, Inc. ("Liberty Mutual") removes this action to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(b), and in support thereof, states as follows:

1. The above-styled cause of action was commenced on February 2, 2010, in the Circuit Court for Sevier County, Tennessee, Case No. 2010-0071-I, wherein Michael L. Dennison and Cathy L. Dennison are named the Plaintiffs ("Plaintiffs") and Liberty Mutual is named as a Defendant. Plaintiffs also named Barnes Insurance Agency, Inc. ("Barnes") as a defendant in that action, but on or about March 12, 2010, Plaintiffs' voluntarily dismissed their claims against Barnes, pursuant to Tenn. R. Civ. P. 41.01. March 12, 2010 Order of Voluntary Non-Suit attached as **Exhibit 1**.

2. On February 18, 2010, Liberty Mutual was served with the Summons and a copy of the Complaint, both of which are attached hereto as **Exhibit 2**. As the later-served defendant, Liberty Mutual avers that it has thirty (30) days to remove from the date it, not its statutory registered agent, was served. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1995); *Tucci v. Hartford Fin. Servs. Group*, 600 F.Supp 2d 630, 632-633 (D. N.J. 2009).

1

As a result, Liberty Mutual files this Notice of Removal within thirty (30) days of service and maintains that such action is removable, as no non-diverse party remains in this lawsuit and the original inclusion of such non-diverse party constituted fraudulent joinder, as Plaintiffs had no viable claims against such defendant.

3. Upon information and belief, on or about March 12, 2010, the Circuit Court for Sevier County, Tennessee entered the Order of Voluntary Non-Suit without Prejudice, through which Plaintiffs have "given notice of their desire to voluntarily dismiss co-defendant Barnes Insurance Agency." See **Exhibit 1**. Liberty Mutual avers that Plaintiffs' voluntary act of dismissing the non-diverse defendant on or about March 15, 2010, brought about a voluntary change that rendered this action removable. *Great N. Ry. V. Alexander*, 246 U.S. 276, 282 (1918). In keeping with all applicable statutes, Liberty Mutual's Notice of Removal is filed within thirty (30) days of its receipt, through service or otherwise of a copy of an Order by which Liberty Mutual has ascertained that the action has become removable. 28 U.S.C. § 1446(b) (2010).

4. Thus, this lawsuit is removable because a) Liberty Mutual filed its Notice of Removal within thirty (30) days of service of a removable matter (a fraudulently joinder defendant only defeated removal on diversity grounds) and/or b) a voluntary act of Plaintiff rendered this lawsuit removable at a later date and Liberty Mutual has timely removed the matter within thirty (30) days of ascertaining Plaintiffs' voluntary act.

5. According to the Complaint, Plaintiffs are residents of Sevier County, Tennessee, and as a result, Defendant avers Plaintiffs are citizens of Tennessee. See **Exhibit 2**.

6. The lone remaining defendant in this matter, Liberty Mutual, is a Massachusetts-based holding company, whose principal place of business is in Boston, Massachusetts.

7. The Complaint asserts that Liberty Mutual owes Plaintiffs approximately $455,332.80, due to the alleged violation of the home owner's insurance contract between the parties, in addition to punitive damages, attorneys' fees and court costs.

8. This is a civil action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.

9. This Notice of Removal is being filed within thirty (30) days after Defendant received notice of the Complaint and is thus timely filed under 28 U.S.C. § 1446(b), and it is also filed within thirty (30) days of its ascertaining that the matter had become removable due to a voluntary act of Plaintiffs. 28 U.S.C. § 1446(b) (2010).

10. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Sevier County, Tennessee, and served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Liberty Mutual gives notice of removal from the Circuit Court for Sevier County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

Dated this 15th day of March, 2010.

Respectfully submitted,

Frost Brown Todd LLC

_____
John R. Wingo, BPR No. 16955
Brian C. Neal, BPR No. 22532
424 Church Street, Suite 1600
Nashville, TN 37219
(615) 251-5550

*Attorneys for Defendant Liberty Mutual Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, on this 15th day of March, 2010, on:

Gary G. Spangler, Esq.
Norton Spangler & Cramer P.C.
Landmark Center
1111 Northshore Drive, NW, Suite P-270
Knoxville, TN 37919

Gregory E. Bennett, Esq.
P.O. Box 1516
Seymour, TN 37865

_____

NSHLibrary 0000T69.0574432 88404v.1

4
Case 3:10-cv-00107-TWP-CCS   Document 1   Filed 03/18/10   Page 4 of 4   PageID #: 4