| Sevier County | **CIVIL SUMMONS** <br> page 1 of 1 | Case Number <br> 2010-0071-I |
|---|---|---|
| Dennison | Vs. Liberty Mutual Group, Inc. and | |

Served On:
Liberty Mutual c/o Commissioner of Insurance
2908 Poston Avenue, Nashville, TN 37203

You are hereby summoned to defend a civil action filed against you in **Circuit** Court, **Sevier** County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default can be rendered against you for the relief sought in the complaint.

Issued: **2-2-2010**

_Heather Stalcup_
Clerk / Deputy Clerk

Attorney for Plaintiff: **Gregory E. Bennett**
**P.O. Box 1516 Seymour, TN 37865**

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a four thousand dollar ($4,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to **Rita D. Ellison**, **Circuit Court** Clerk, **Sevier** County

CIRCUIT COURT
HOUR **9:35 A** M
FEB 02 2010
RITA D. ELLISON, CLERK
SEVIER COUNTY, TN

### CERTIFICATION (IF APPLICABLE)

I, _____, Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
Clerk / Deputy Clerk

**OFFICER'S RETURN**: Please execute this summons and make your return within thirty days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____    By: _____
                                Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____)

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

Exhibit 2

ADA: If you need assistance or accommodations please contact the Clerk

Case 3:10-cv-00100 Document 1-2 Filed 03/18/10 Page 1 of 9 PageID #: 336



**STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131**

February 12, 2010

Liberty Mutual Insurance Company
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 23043

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7009 2820 0003 2763 7873
Cashier # 1667

Re: Michael & Cathy Dennison  V.  Liberty Mutual Insurance Company

Docket # 2010-0071-I

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Document was served on me on February 8, 2010 by Michael & Cathy Dennison pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Sevier County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Sevier County
    125 Court Avenue, Ste 204E
    Sevierville, Tn 37862

Service of Process 615.532.5260

IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

MICHAEL L. DENNISON and )
CATHY L. DENNISON, )
) File No. 2010-0071-I
Plaintiffs )
) COMPLAINT
vs. )
) JURY DEMAND
LIBERTY MUTUAL GROUP, INC., and )
BARNES INSURANCE AGENCY, INC., )
)
Defendants. )

CIRCUIT COURT
HOUR 9:35 A M
FEB 0 2 2010
RITA D ELLISON, CLERK
SEVIER COUNTY, TN

NOW COMES MICHAEL DENNISON and CATHY DENNISON, Plaintiffs in the above styled matter and show the following in their Complaint against Defendant:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are residents of Sevier County, Tennessee.

2. Defendant, Liberty Mutual Group, Inc., (hereinafter "Liberty Mutual") is a foreign corporation doing business within the state of Tennessee and may be served by their registered agent for service, to wit: Corporate Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

3. Defendant Barnes Insurance Agency, Inc., (hereinafter "Barnes") is a Tennessee corporation doing business within the state of Tennessee, whose principal business address is 190 Community Center Drive, Pigeon Forge, Tennessee 37863 and may be served through its registered agent for service, to wit: Joseph L. Barnes, 190 Community Center Drive, Pigeon Forge, Tennessee 37863.

1

4. All of the acts, actions, omissions, breaches of contract, bad faith, negligence, breaches of duty, failures or other such causes of action alleged herein, which form the basis of the Plaintiffs' Complaint, occurred in Sevier County, Tennessee.

5. This Court has jurisdiction over this action pursuant to its original general trial court jurisdiction.

## STATEMENT OF FACTS[1]

6. Plaintiffs reallege each and every allegation contained in Paragraphs One (1) through Five (5), inclusively, of their Complaint as fully and completely as though each Paragraph were restated verbatim herein.

7. On or about May 15, 2009, the Dennisons entered into a contract to purchase a homeowner's insurance policy with Defendant Barnes.

8. By virtue of Dennisons entering into said contract for insurance with Defendant Barnes, said Defendant Barnes thereby owned a fiduciary duty to the Dennisons to ascertain the existence and approximate value of the insured dwelling by going to Dennisons' property and inspecting said dwelling.

9. The Dennisons reasonably relied upon Defendant Barnes to conduct such an inspection on their behalf.

10. Defendant Barnes never conducted any such inspection and therefore breached its fiduciary duty to the Dennisons.

---

[1] All Factual allegations contained herein are made on either actual knowledge or upon information and belief.

2

11. Defendant Barnes knew or should have known that its failure to conduct such an inspection would make any insurance claim subsequently filed by the Dennisons' more difficult to pursue and therefore breached its fiduciary duty to the Dennisons.

12. Notwithstanding the above failure to inspect, Defendant Barnes then transferred the said policy of insurance to Defendant Liberty Mutual.

13. Liberty Mutual accepted the transfer of said insurance policy.

14. Said insurance policy was to provide coverage to Dennisons' dwelling and personal property in the event of (among other perils) loss or destruction by fire.

15. Coverage for Dennisons' dwelling was calculated by an agent or employee of Defendant Barnes' at $286,000.00. The policy included a replacement cost endorsement for the dwelling.

16. Coverage for Dennisons' personal property was calculated by an agent or employee of Defendant Barnes' at $214,600.00. The policy included a replacement cost endorsement for the personal property.

17. Said insurance policy also provided for payment to allow for debris removal.

18. On or about June 16, 2009, the Dennisons suffered a fire loss to their home and to their personal property.

19. The loss suffered by the Dennisons was an insurable loss as defined by the terms of their homeowner's insurance policy.

20. The Dennisons' home was completely destroyed. Its value was $286,000.00.

21. The Dennisons' lost personal property was valued at $180,332.80.

22. The Dennisons have incurred a $5,000.00 expense for the removal of debris from their home site.

23. The Dennisons' total loss equals $471,332.80, less a $1,000.00 deductible for a net loss of $470.332.80.

24. To date, Defendant Liberty Mutual, has advanced Plaintiffs the sum of $15,000.00 to be applied against their claim for loss.

25. The Dennisons are entitled to an additional $455,332.80 in insurance proceeds under the terms of the homeowner's insurance policy.

26. Despite the Dennisons' repeated demands, including their demand in compliance with TCA Section 56-7-105, Defendant Liberty Mutual has failed and refused to pay Plaintiffs' claim.

## CAUSES OF ACTION

27. Plaintiffs reallege each and every allegation contained in Paragraphs One (1) through Twenty-six (26), inclusively, of their Complaint as fully and completely as though each Paragraph were restated verbatim herein.

28. Defendant Liberty Mutual's failure and refusal to pay Plaintiffs' just and proper loss tantamounts to breach of contract.

29. Defendant, Liberty Mutual's failure and refusal to pay Plaintiffs' just and proper loss tantamounts to bad faith failure to insure.

4

30. Defendant, Barnes' failure to ascertain the existence and approximate value of the dwelling tantamounts to negligence.

31. Defendant Barnes' failure to ascertain the existence and approximate value of the dwelling tantamounts to breach of fiduciary duty.

## DAMAGES

32. Plaintiffs reallege each and every allegation contained in Paragraphs One (1) through Thirty-one (31), inclusively, of their Complaint as fully and completely as though each Paragraph were restated verbatim herein.

33. Plaintiffs are entitled to contract damages against Defendant Liberty Mutual in the amount of $455,332.80.

34. Plaintiffs are entitled to punitive damages, attorney fees and court costs, as permitted by statute and as shall be proven at trial against Defendant Liberty Mutual for its bad faith failure to insure.

35. As to Defendant Barnes, Plaintiffs are entitled to damages for the value of their home in the amount of $286,000.00, jointly and severally, with defendant, Liberty Mutual.

Wherefore Plaintiff respectfully requests that this matter be tried by jury and for judgment against Defendant Liberty Mutual in an amount of $455,332.80, plus punitive damages, attorney fees and court costs and judgment against Defendant Barnes, jointly and severally, with Defendant, Liberty Mutual, in the amount of $286,000.00, and for such other or further relief as this Court may deem fair, equitable and appropriate.

5

Respectfully submitted, this the 2ND day of February, 2010.

*[Signature]*

Gregory E. Bennett,
Attorney for Plaintiff
BPR #025145
Post Office Box 1516
Seymour, Tennessee 37865
(865) 310-5655 – office
(865) 774-4379 – facsimile

6

# COST BOND

In compliance with Tennessee Code Annotated §§20-12-120 and 36-4-108(a), we, the undersigned, do hereby acknowledge ourselves liable for the costs of this cause.

Principals: _____
Michael L. Dennison

_____
Cathy L. Dennison

Surety: _____
Gregory E. Bennett
Attorney at Law

1